**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------X
MANUEL PUELLO                     :
               Petitioner,     :    03 Civ. 4783 (JFK)
   -against-                     :    **OPINION AND ORDER**
                                  :
BUREAU OF CITIZENSHIP AND         :
IMMIGRATION SERVICES              :
               Respondent.    :
------------------------------X

APPEARANCES:

    For Petitioner:

        Matthew L. Guadagno (MG 5191)
        Kerry W. Bretz
        Jules E. Coven
        Bretz & Coven, LLP
        305 Broadway, Suite 100
        New York, NY 10007

    For Respondent:

        David N. Kelly
        United States Attorney
        Southern District of New York
        One Saint Andrew's Plaza
        New York, NY 10007
        Of Counsel: Special AUSA F. James Loprest, Jr.

**JOHN F. KEENAN, United States District Judge**
**JOHN F. KEENAN, United States District Judge**:

This is a review of a Bureau of Citizenship and Immigration Services[1] ("BCIS") decision denying Petitioner's application for naturalization due to his inability to establish good moral character as a result of a 1991 drug conspiracy conviction. Both parties move for summary judgment. The Court grants summary judgment in favor of Respondent.

## Background

Petitioner Manuel Puello was admitted to the United States as a lawful permanent resident on October 14, 1974.[2] On September 21, 1989, an indictment was filed in this District, charging Puello with conspiracy to distribute a controlled substance; specifically with negotiating to sell approximately two kilograms of cocaine to a confidential informant. On December 12, 1989, Mr. Puello plead guilty to the offense, an aggravated felony under immigration law.[3] On April 3, 1991, Mr. Puello was sentenced by Judge Patterson to time served plus four years of supervised

---

[1] The Bureau of Citizenship and Immigration Services has since changed it name to U.S. Citizenship and Immigration Services.

[2] There is no disagreement between the parties regarding the facts in this section.

[3] 8 U.S.C. 1101(a)(43) defines aggravated felony as, inter alia, an "illicit trafficking in a controlled substance . . . including a drug trafficking crime." Neither side contests that Petitioner was convicted of an aggravated felony.

2

release.  On April 10, 1991, the Judgment in a Criminal Case was filed with the Clerk.

On or about October 5, 2001, Mr. Puello applied for United States Citizenship.  On the application, Mr. Puello answered "yes" to a question that asked whether he had ever been arrested or convicted of a violation of any law or ordinance.  BCIS (then Immigration and Naturalization Service) conducted an examination.  On September 13, 2002, the BCIS District Director issued a decision denying Puello's naturalization application on the ground that Puello had been convicted of an aggravated felony after November 29, 1990 (the relevant statutory date), and was therefore precluded by statute from demonstrating good moral character.

On October 2, 2002, Puello filed an administrative appeal of the decision, pursuant to the Immigration and Naturalization Act ("INA") § 336(a), 8 U.S.C. § 1447(a).  On February 28, 2003, BCIS upheld the previous denial on the grounds stated in the initial decision.  Puello now seeks judicial review of his application for naturalization in this Court, pursuant to INA § 310(c), 8 U.S.C. § 1421(c) (providing that review of a naturalization denial "shall be de novo, and that the Court shall make its own findings of fact and conclusions of law").

## Discussion

Summary judgment is particularly suitable in this case, as both parties agree to the same underlying material facts.  They

3

simply disagree about what the law is as applied to those facts. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (finding that where "there is no genuine issue as to any material fact" judgment should be entered as a matter of law.)  The fact that this is a naturalization challenge does not make summary judgment any less appropriate.  Naturalization challenges in district courts are civil actions and subject to general rules governing civil litigation.  See Tutun v. United States, 270 U.S. 568, 577 (1926); Petitions of Rudder, 159 F.2d 695, 697 (2d Cir. 1947); United States v. Jerome, 16 F.R.D. 137, 138 (S.D.N.Y. 1954).

The sole issue for consideration here – a question of law – is whether, for the purpose of establishing good moral character under the immigration laws, a "conviction" takes place on the date a defendant pleads guilty or on the date the defendant is sentenced.  Puello pled guilty on December 12, 1989, and he was sentenced on April 3, 1991.  Immigration law provides that an applicant cannot establish the good moral character necessary to become a citizen if he was convicted of an aggravated felony on or after November 29, 1990. 8 U.S.C. § 1101(f)(8) (as amended by the Immigration Act of 1990, Pub. L. No. 101-649, Title V, 104 Stat. 4978, 5051 (Nov. 29, 1990)); 8 C.F.R. § 316.10(b)(1)(ii) (2004) ("An applicant shall be found to lack good moral character . . . if the applicant has been . . . [c]onvicted of an aggravated

felony . . . on or after November 29, 1990."); see also 2 American Immigration Lawyers Association, Immigration and Nationality Law Handbook 403 (Randy P. Auerbach et al. eds., 2003).[4]

Puello claims "conviction" refers to the date of the guilty plea, and the government contends "conviction" refers to the date of sentencing. According to the law, the government is correct.

The INA provides that:

> The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where –
>     (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
>     (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A) (emphasis added). Because this is not a case where adjudication of guilt has been withheld, only the first portion of the definition – "formal judgment of guilt . . . entered by a court" – is relevant.

Courts have interpreted "conviction," based upon the first part of the above definition, to mean sentencing, at the earliest, or the filing of a Judgment in a Criminal Case, which takes place soon after sentencing. See Perez v. Elwood, 294 F.3d 552, 562 (3d

---

[4] For an aggravated felony, the crime can be committed "at any time" – in other words, it need not be within the statutory residency period – so long as conviction is on or after November 29, 1990. 8 U.S.C. § 1101(f)(8).

5

Cir. 2002) (deciding that defendant was "convicted, at the earliest, when the Court sentenced" him); Bankhole v. INS, 306 F.Supp. 2d 185, 190 (D.Conn. 2003) (deciding defendant "was convicted within the meaning of [the immigration laws] when the . . .district court filed its Judgment in a Criminal Case").

Other cases, out of the immigration context, support this definition. See Corey v. United States, 375 U.S. 169, 174 (1963) ("The sentence is the judgment") (quoting Berman v. United States, 302 U.S. 211, 212 (1937)); United States ex rel. Mignozzi v. Day, 51 F.2d 1019, 1021 (2d Cir. 1931) ("[T]he only judgment in a criminal case is the sentence.").

Puello's "formal judgment of guilt" was "entered by the court" on either the date of sentencing, April 3, 1991, when Judge Patterson signed a form entitled "Judgment in a Criminal Case," or on April 10, 1991, when the Judgment in a Criminal Case was filed with the Clerk of the Court. In either case, the conviction occurred after November 29, 1990. Puello is, therefore, barred statutorily from establishing good moral character.

The "rule of lenity" affords Petitioner no recourse from this result. In deportation proceedings, the rule gives aliens the benefit of the doubt in construing ambiguities in deportation statutes. INS v. Cardoza-Fonseca, 480 U.S. 421, 449 (1987). This, however, is a naturalization proceeding, in which courts

generally construe ambiguities to the benefit of the government. United States v. Schwimmer, 279 U.S. 644, 649 (1929), overruled in part on other grounds, Girouard v. United States, 328 U.S. 61, 69 (1946) ("Because of the great value of the privileges conferred by naturalization, the statutes prescribing qualification and governing procedure for admission are to be construed with definite purpose to favor and support the Government.")

## Conclusion

For the reasons described above, Petitioner's motion for summary judgment is denied, and Respondent's motion for summary judgment is granted. The action is dismissed and ordered removed from the Court's docket.

**SO ORDERED.**

Dated: New York, New York
December 13, 2005

JOHN F. KEENAN
United States District Judge